UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**WATERVIEW CONDOMINIUM
ASSOCIATION, INC.**

    **Plaintiff,**

vs.

**QBE INSURANCE CORPORATION,**

    **Defendant.**

_____

## COMPLAINT FOR BREACH OF CONTRACT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, WATERVIEW CONDOMINIUM ASSOCIATION, INC. ("Waterview") by and through its undersigned counsel, and hereby files this Complaint against Defendant, QBE INSURANCE CORPORATION ("QBE"), and as grounds therefore states as follows:

### NATURE OF ACTION

1.    This is a civil action for declaratory relief and damages arising out of Defendant's breach of their contractual obligations to provide insurance coverage to Waterview under first-party property policies, for physical damage and other loss sustained as a result of Hurricane Wilma at Waterview's property located in North Miami Beach, Dade County, Florida, as stated in the insurance policy issued by QBE. Please see attached Exhibit A.

2.    The loss, damages, and expenses that Waterview has sustained at its property located in North Miami Beach, Florida due to Hurricane Wilma are covered by property insurance policies issued by QBE. Because this Defendant has failed to compensate Waterview for its covered loss, damages, and expenses, QBE is in breach of the subject insurance policy.

T0087929.DOC;1

## COUNT II

### BREACH OF CONTRACT
### GENERAL ALLEGATIONS

3. The amount in controversy in this action exceeds the sum of Seventy Five Thousand and 00/100 ($75,000.00) Dollars, exclusive of pre-judgment interest, court costs and attorney fees.

4. At all times relevant hereto, the Plaintiff, Waterview, was and is a condominium association of Miami-Dade County, Florida.

5. At all times material hereto, the Defendant, QBE INSURANCE CORPORATION ("QBE") is a foreign corporation whose principal place of business is located at 88 Pine St., Wall Street Plaza, New York, NY 10005, and is authorized to business and is doing business in the State of Florida.

6. Upon information and belief, QBE is an authorized insurance carrier by the State of Florida to engage in the business of insurance with Florida citizens.

7. In consideration of the premium paid to it by Waterview, QBE issued to Waterview in Miami-Dade County, Florida, a contract of insurance, policy number QF3423-04, which was in full force and effect at the time the damage occurred as a result of hurricane and/or hurricane force winds to the insured premises located at 20505 - 20515 E. Country Club Dr., North Miami Beach, Dade County, FL 33180 on or about October 24, 2005. (Petitioner has a good faith belief that Respondent is in possession of Policy No. QF2950-06.)

8. Hurricane and hurricane force winds are covered perils under The Policy.

### BREACH OF CONTRACT

9. WATERVIEW re-alleges Paragraph Numbers 1-8 as if fully set forth herein.

10. This is an action for damages for a breach of an insurance contract against QBE of an insurance policy that was in effect at the time of the loss caused by hurricane and hurricane force winds.

11. On or about October 24, 2005, WATERVIEW'S insured property was damaged by hurricane and/or hurricane force winds and WATERVIEW timely reported the damage to QBE.

12. In response, QBE issued claim number 5P9058WS to the above-referenced loss and sent an insurance adjuster to act as its representative and evaluate WATERVIEW'S insurance claim.

13. Hurricane and/or hurricane force winds substantially damaged the insured property and the insured property has been adversely affected causing substantial hardship.

14. QBE has failed and/or refused to tender insurance proceeds due and owing WATERVIEW with regard to losses arising out of the hurricane and/or hurricane force winds. This was a breach of The Policy.

15. WATERVIEW has suffered a substantial loss regarding the insured property and continues to suffer the loss.

16. WATERVIEW disclosed prior to and/or at the same time it submitted its proof of loss, the condition of the balconies prior to Hurricane Wilma by providing QBE and its attorney with its assessment for the balconies to the unit owners that occurred prior to Hurricane Wilma.

17. WATERVIEW disclosed during its Examination Under Oath the condition of the balconies prior to Hurricane Wilma.

18. There is no dispute that Hurricane Wilma did cause some damage to WATERVIEW'S balconies.

19. By late 2007 and February, 2008, QBE began a request for numerous documents and a request for an examination under oath after the production of documents.

20. WATERVIEW retained an the undersigned law firm to assist them with their claim.

21. WATERVIEW arranged several on site inspections of the documents to ensure that all of the documents in their possession were copied. The document production was not a simple request due to the fact that there were numerous documents. It was determined that since there were so many documents, QBE's counsel would inspect the documents and copy the ones that they needed. The document production took place on or about September 12, 2008.

22. On September 28, 2008 and October 6, 2008, WATERVIEW'S counsel contacted QBE's counsel to schedule the examination under oath.

23. It was at that time that the Examination Under Oath was scheduled for January 14, 2009.

24. An additional document inspection took place on January 26, 2009 and a follow up document inspection on February 4, 2009.

25. QBE cancelled the examination under oath and then rescheduled the examination under oath to take place on February 25, 2009.

26. QBE cancelled the examination under oath and did not have any availability until May 22, 2009 to schedule same.

27. After the examination under oath, there was no response from QBE as to WATERVIEW's claim.

28. WATERVIEW filed litigation to compel appraisal which had been requested in September of 2008.

29. WATERVIEW served QBE with a Petition to Compel Appraisal.

30. It was not until after the Circuit Court compelled appraisal that QBE then decided to accuse WATERVIEW of fraud for failing to disclose the condition of the balconies.

31. Since QBE has failed and/or refused to properly investigate and/or evaluate the nature and extent of WATERVIEW'S insurance claim and/or damages, QBE'S refusal to tender all insurance proceeds due and owing WATERVIEW and accusation of fraud, WATERVIEW was required to retain the services of an insurance claim professional to assist in evaluating and investigating its insurance claim, as well as in the submission of its insurance claim to QBE.

32. As a result of hurricane and/or hurricane force wind damage to the insured property, WATERVIEW has suffered substantial damage to the insured property.

33. WATERVIEW has repeatedly requested that QBE pay its damages; QBE has failed and/or refused, and continues to refuse to pay the full damages despite knowing it is required to do so.

34. WATERVIEW has done and performed all those matters and things properly required of it under The Policy, or alternatively, have been excused from performance of the acts, representations, omissions, and/or conduct of QBE.

35. Notwithstanding the foregoing, QBE has failed and/or refused to provide full coverage under The Policy for the damages to WATERVIEW'S insured property and QBE has failed to promptly pay all the amounts due and has thereby breached its contract of insurance.

36. As a direct result of QBE'S breach of its insurance contract, WATERVIEW has lost benefits of its insured property, and continues to suffer the loss.

37. As a direct result of QBE'S breach of its insurance contract, WATERVIEW was required to become obligated for attorney fees and costs in connection with the prosecution of

this action, and Florida Statute §627.428 provides for the payment of attorney fees in the event of such need.

WHEREFORE, Plaintiff, WATERVIEW, demands judgment against the Defendant, QBE, for an amount exceeding Seventy Five-Thousand Dollars ($75,000.00), exclusive of costs, interest, pre-judgment interest, attorney's fees and costs and all other relief deemed just and appropriate by this Court and Plaintiffs respectfully request a jury trial.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable as a matter of right

Dated: July 8, 2010

_____
Kelly L. Kubiak, Esq.
Florida Bar No.: 108952
Craig C. Kubiak, Esq.
Florida Bar No.: 061735
MERLIN LAW GROUP, P.A.
777 South Harbour Island Blvd
Suite 950
Tampa, FL 33602
Tel: (813) 229-1000
Fax: (813) 229-3692
kkubiak@merlinlawgroup.com
ckubiak@merlinlawgroup.com
Attorneys for Plaintiff